WILLIAM J. BOLGER, Plaintiff-Appellant, v. ELECTORAL BOARD OF THE CITY OF McHENRY *et al.*, Defendants-Appellees.

Second District No. 2—91—0240

Opinion filed March 22, 1991.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

Bernard V. Narusis, of Narusis & Narusis, of Cary, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, William J. Bolger, appeals from an order of the trial court affirming the decision of the City of McHenry electoral board to invalidate plaintiff's nomination papers. Plaintiff raises two arguments on appeal: (1) the Illinois Governmental Ethics Act (Act) (Ill. Rev. Stat. 1989, ch. 127, par. 601—107 *et seq.*) excuses the filing of a

statement of economic interests if the candidate has filed a statement within the previous year; and (2) the provision of the Election Code (the Code) (See Ill. Rev. Stat. 1989, ch. 46, par. 1—1 *et seq.*) that prescribes the time limit for filing a receipt from the officer with whom the statement of economic interests was filed does not make it mandatory to file the receipt. We affirm.

Plaintiff was seeking the office of alderman in the City of McHenry. On January 14, 1991, plaintiff filed certain nomination papers with the McHenry *city* clerk. Plaintiff also filed on that date a statement of economic interests with the McHenry *County* clerk. (See Ill. Rev. Stat. 1989, ch. 127, par. 604A—105; ch. 46, par. 10—5.) Plaintiff did not file with the city the receipt he received from the county when he filed his statement of economic interests on January 14, nor did he file with the city clerk the receipt he received when he filed his April 1990 statement of economic interests.

On January 26, an objection to plaintiff's nomination papers was filed. The objector noted the lack of the receipt from the county and requested, *inter alia*, that plaintiff's petitions be declared null and void and his name be withdrawn from the election ballot. On February 1, the Election Board (Board) conducted a hearing. The Board determined section 10—5 of the Code was controlling and the filing of the receipt with the local election official is mandatory. The Board directed the city clerk to refrain from certifying the placement of plaintiff's name on the ballot. One member of the Board dissented, stating his opinion that the lack of a receipt does not require the invalidation of the nomination papers.

Plaintiff sought judicial review of the Board's decision. On February 26, the trial court entered an order affirming the decision of the Board. Plaintiff timely appeals from the trial court's order.

■ We first determine if section 10—5 of the Code imposes a mandatory duty on plaintiff to file with the city the receipt received by plaintiff when he filed his statement of economic interests with the county. The determination of whether a statute is directory or mandatory depends on the legislative intent. (*Serwinski v. Board of Election Commissioners* (1987), 156 Ill. App. 3d 257, 259.) The starting point in determining legislative intent is the language of the statute itself. (*Serwinski*, 156 Ill. App. 3d at 259.) Plaintiff contends the statutory language at issue in this case is the final sentence of section 10—5, which states "[s]uch receipt shall be so filed not later than the last day on which nomination papers may be filed." (Ill. Rev. Stat. 1989, ch. 46, par. 10—5.) Plaintiff argues the legislature's use of the term

"shall" in the above-quoted language does not reflect a mandatory requirement that the receipt be filed.

■ We note that the sentence immediately preceding the one plaintiff claims is "at issue" provides:

"If the nomination papers of any candidate and the statement of economic interest of that candidate are not required to be filed with the same officer, the candidate *must* file with the officer with whom the nomination papers are filed a receipt from the officer with whom the statement of economic interests is filed showing the date on which such statement was filed." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 46, par. 10—5.)

It is this language that imposes the burden of filing the receipt with the local election official. Plaintiff has wisely made no argument to this court that the term "must" is not reflective of a mandatory requirement. Additionally, our research has not uncovered such an interpretation of the term "must." The language plaintiff sets forth is only concerned with the time of the filing. For purposes of this case, and stripped to its essentials, the last two sentences of section 10—5 can be read as, "the candidate must file *** a receipt *** not later than the last day on which nomination papers may be filed." Ill. Rev. Stat. 1989, ch. 46, par. 10—5.

■ It is absolutely clear from the language used by the legislature that plaintiff was *required* to file the receipt he received from the county with the local election official sometime during the period in which his nomination papers could be filed. The failure to do so left his nomination papers incomplete. We agree with the trial court that plaintiff's failure to comply with this requirement rendered his nomination papers invalid.

Plaintiff also argues on appeal "the Illinois Governmental Ethics Act excuses the filing of a statement of economic interest where a candidate has filed a statement within one year, notwithstanding the provisions of the electoral code." Plaintiff contends the Act and the Code are in conflict. Plaintiff argues the Act allows an incumbent candidate to refrain from filing a statement of economic interests if he has filed a prior statement *within a year* preceding the period during which he can take action to attempt to qualify for retention (see Ill. Rev. Stat. 1989, ch. 127, par. 604A—105). The Code provides for invalidation of nomination papers if the prior statement is not filed *within the same calendar year* as the year in which the nomination papers were filed. See Ill. Rev. Stat. 1989, ch. 46, par. 10—5.

■ This contention is not pertinent to the resolution of this appeal. Plaintiff failed to file *any* receipt with the city election officials.

As previously determined, the filing of a receipt is required. If plaintiff had attempted to file with the city election official the receipt he received from the county when he filed his April 1990 statement of economic interests and was rebuffed, then this court would have to address plaintiff's contention. However, these are not the facts before us, and we need not address this issue in order to resolve this appeal.

For the above reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

REINHARD, P.J., and BOWMAN, J., concur.