DEBRA POWELL *et al.*, Petitioners-Appellants, v. THE EAST ST. LOUIS ELECTORAL BOARD *et al.*, Respondents-Appellees.

Fifth District    No. 5—03—0071

Opinion filed February 19, 2003.

Beverly Powell, of East St. Louis, and Stephen P. McGlynn, of Belleville, for appellants.

John J. Kurowski and Michael W. Tackett, both of Kurowski, Bailey & Shultz, P.C., of Belleville, for appellees Barbara Greenwood, Fannie G. Jones, and Elmer D. Jones.

Robert E. Becker and Garrett P. Hoerner, both of Becker, Paulson, Hoerner & Thompson, P.C., of Belleville, for appellees Edward Russell, Karen Cason, and Eddie Lee Jackson.

JUSTICE WELCH delivered the opinion of the court:

Debra Powell, Martha E. Young, and Marlene E. Smoot (petitioners) appeal from an order of the circuit court of St. Clair County affirming the decision of the Board of Election Commissioners of the City of East St. Louis (Board) to invalidate petitioners' nomination papers. For the following reasons, we affirm.

## FACTS

On December 16, 2002, petitioner Powell filed nomination papers for reelection to the office of mayor of the City of East St. Louis, and petitioners Young and Smoot filed for the election to the office of city council, to be voted on at the consolidated primary election on February 25, 2003. On December 20, 2002, Karen Cason, Eddie Lee Jackson, and Edward Russell (respondents) filed objections to petitioner Powell's nomination papers, alleging that petitioner Powell had failed to file, with her nomination papers, a receipt for the filing of a statement of economic interests with the St. Clair County clerk. Respondents Cason and Russell filed objections to the nomination papers of petition-

ers Young and Smoot, alleging that each candidate had failed to file a statement of economic interests with the St. Clair County clerk and had failed to file, with their nomination papers, a receipt for the filing of a statement of economic interests with the St. Clair County clerk. See 10 ILCS 5/10—8 (West 2000).

On December 30, 2002, Board members and respondents Barbara Greenwood, Fannie Jones, and Elmer D. Jones conducted a public hearing regarding the objections. Before the Board, the parties stipulated that petitioner Powell had filed a statement-of-economic-interests receipt but that the receipt was not file-stamped by the St. Clair County clerk and that petitioners Young and Smoot had each failed to file a statement of economic interests with the St. Clair County clerk. After argument, the Board adjourned the hearings and announced that it would deliberate in a closed session.

On December 31, 2002, the Board sustained the objections to petitioners' nomination papers and ordered that, in the February 25, 2003, election, petitioner Powell's name shall not appear on the ballot as a candidate for mayor and that the names of petitioners Young and Smoot shall not appear on the ballot as candidates for the city council.

Petitioners filed their petitions for the judicial review of the Board's decision, and after a hearing on January 24, 2003, the circuit court affirmed the Board's findings and decision. The circuit court held that the Board's decision was not against the manifest weight of the evidence. The court also held that in a judicial review proceeding under the Election Code (10 ILCS 5/1—1 *et seq.* (West 2000)) the circuit court did not have the authority to entertain allegations of violations of the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2000)). On January 30, 2003, petitioners filed their notices of appeal from the decision of the circuit court.

## ANALYSIS

### *Bolger v. Electoral Board of the City of McHenry*

Petitioners assert that in invalidating their nomination papers, the Board abused its discretion, the Board's sanction was overly harsh, the Board's decision was based on precedent that was distinguishable and not controlling, and the Board's decision was abusive because the candidates substantially and in good faith complied with the election laws.

■ Section 10—5 of the Election Code provides, in pertinent part, as follows:

"If the nomination papers of any candidate and the statement of economic interest of that candidate are not required to be filed with the same officer, the candidate must file with the officer with

whom the nomination papers are filed a receipt from the officer with whom the statement of economic interests is filed showing the date on which such statement was filed. Such receipt shall be so filed not later than the last day on which nomination papers may be filed." 10 ILCS 5/10—5 (West 2000).

In *Bolger v. Electoral Board of the City of McHenry*, 210 Ill. App. 3d 958, 959-60 (1991), the court rejected the plaintiff's argument that the above-quoted Election Code provision, prescribing the time limit for filing a receipt from the officer with whom the statement of economic interests was filed, did not make it mandatory to file the receipt. In *Bolger*, although the plaintiff filed his nomination papers with the city clerk and filed his statement of economic interests with the county clerk, he did not file with the city the receipt he had received from the county when he filed his statement of economic interests. *Bolger*, 210 Ill. App. 3d at 959. The election board in *Bolger* had determined that the filing of the receipt with the local election official is mandatory and that Bolger's failure to do so invalidated his nomination papers; the board refused to allow his name to be on the ballot. *Bolger*, 210 Ill. App. 3d at 959-60 ("must" is reflective of a mandatory requirement); see also *DeFabio v. Gummersheimer*, 307 Ill. App. 3d 381 (1999), *aff'd*, 192 Ill. 2d 63 (2000) (courts must enforce mandatory requirements substantially contributing to the integrity of the election process).

In reviewing the board's decision, the court in *Bolger* stated as follows:

"It is absolutely clear from the language used by the legislature that plaintiff was *required* to file the receipt he received from the county with the local election official sometime during the period in which his nomination papers could be filed. The failure to do so left his nomination papers incomplete. *** [P]laintiff's failure to comply with this requirement renders his nomination papers invalid." (Emphasis in original.) *Bolger*, 210 Ill. App. 3d at 960.

■ Following *Bolger*, we reject petitioner Powell's contentions that invalidating her nomination papers for failing to file a file-stamped receipt for the filing of a statement of economic interest was overly harsh or that the Election Code does not expressly authorize the Board to invalidate her nomination papers if a receipt, filed-stamped by the county clerk, does not accompany her nomination papers filed with the city. We also reject petitioner Powell's argument that *Bolger* is distinguishable because she filed a receipt with the appropriate office, although it had not been file-stamped by the county clerk. Petitioner Powell was *required* "to file the receipt [she] received from the county with the local election official" (*Bolger*, 210 Ill. App. 3d at 960), and

the receipt must indicate "the date on which such statement was filed" with the county clerk (10 ILCS 5/10—5 (West 2000)). This she did not do.

Alternatively, petitioners argue that because they "substantially and in good faith complied with the applicable election laws," their removal from the ballot "for merely technical violations is abusive." In her capacity as a public officeholder, petitioner Powell had previously filed a statement of economic interests with the St. Clair County clerk. She had also timely filed with the Board her nominating papers and a receipt evidencing the filing of a statement of economic interests with the county clerk, although that receipt was not file-stamped by the county clerk. Petitioners Young and Smoot each filed a statement of economic interests with the Board but not with the St. Clair County clerk. While we may agree with petitioners' argument that they "substantially and in good faith complied with the applicable election laws," the argument that substantial compliance is sufficient was specifically rejected by the Illinois Supreme Court in *DeFabio v. Gummersheimer*, 192 Ill. 2d 63, 66 (2000). *Gummersheimer* held that a mandatory provision of the Election Code must be enforced even where parties agree there is no knowledge or evidence of fraud or corruption. We are bound by the holding of *Gummersheimer*.

Petitioners were *required* "to file the receipt [they] received from the county with the local election official" (*Bolger*, 210 Ill. App. 3d at 960), and the receipt must indicate "the date on which such statement was filed" with the county clerk (10 ILCS 5/10—5 (West 2000)). In the case of petitioner Powell, the receipt was not file-stamped by the county clerk as having been received, and therefore, petitioner Powell's nomination papers were incomplete. Petitioners Young and Smoot had neither filed with the county clerk a statement of economic interests nor filed with their nominating papers a receipt evidencing such filing. As in the case of petitioner Powell, their nomination papers were incomplete. Petitioners' failure to comply with the requirements of the Election Code rendered their nomination papers invalid. *Bolger* is dispositive. Petitioners' claims fail.

## Open Meetings Act

Petitioners also argue that the Board deliberated in private at the hearing in violation of Illinois's Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2000)) and that, therefore, the Board's decision to remove them from the ballot is null and void.

■ Section 2 of the Open Meetings Act requires that meetings of public bodies be held in public, with certain exceptions. 5 ILCS 120/2 (West 2000). Assuming, *arguendo*, that the Board's deliberations in

private were in violation of the Open Meetings Act, the Open Meetings Act does not necessarily render the Board's proceedings null and void. See *People ex rel. Graf v. Village of Lake Bluff*, 321 Ill. App. 3d 897, 908 (2001) (even when the meeting was closed to the public, the actions taken at it were not necessarily void); *Board of Education of Community Unit School District No. 337 v. Board of Education of Community Unit School District No. 338*, 269 Ill. App. 3d 1020, 1031 (1995) (even if private deliberations violated the Open Meetings Act, the violation did not render the proceedings null and void); *Betts v. Department of Registration & Education*, 103 Ill. App. 3d 654, 663 (1981) (although a public agency may have deliberated at a closed session, the actions taken at such a meeting are not necessarily null and void).

We would not condone violations of the Open Meetings Act; however, even if there was a violation of that statute as alleged, we are unwilling to remand on the basis of such an error. See *Board of Education of Community Unit School District No. 337*, 269 Ill. App. 3d at 1031.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

HOPKINS, P.J., and KUEHN, J., concur.