DENNIS J. KELLOGG, Plaintiff-Appellant, v. THE COOK COUNTY ILLINOIS OFFICERS ELECTORAL BOARD *et al.*, Defendants-Appellees.

First District (6th Division)    No. 1—04—0449

Opinion filed March 31, 2004.

Leonard Murray, of Chicago, for appellant.

No brief filed for appellees.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Dennis J. Kellogg, appeals from the trial court's order affirming the decision of the Cook County Illinois Officers Electoral Board (the Electoral Board) that plaintiff could not be listed as a candidate for a judicial vacancy on the Democratic ballot in the March 16, 2004, primary election. Plaintiff sought an expedited appeal to this court, contending that the filing of his statement of economic interests with his nomination papers excused his failure to comply with the

requirement of the Illinois Election Code (10 ILCS 5/1—1 *et seq.* (West 2002)) that he file that statement with the Secretary of State and also submit with his nomination papers a receipt reflecting that filing. For the reasons that follow, we affirm.

Plaintiff filed nomination papers with the State Board of Elections, seeking placement on the Democratic ballot as a candidate for the vacancy of Judge Sheldon Gardner in the Cook County circuit court. Plaintiff filed a statement of his candidacy, petitions of numerous signatures in support of his nomination and a statement of economic interests.

In a hearing to consider an objection to plaintiff's nomination papers, the Electoral Board found that plaintiff failed to file with his nomination papers a receipt indicating that he had submitted his statement of economic interests with the Secretary of State, noting plaintiff's admission that he did not file such a statement with the Secretary of State. On January 12, 2004, the Electoral Board entered an order declaring plaintiff's nomination papers invalid and stating that plaintiff would not be listed as a candidate on the March 16, 2004, primary ballot.

Plaintiff sought judicial review of that decision, and after hearing argument on February 11, 2004, the circuit court of Cook County found the Electoral Board's decision was not against the manifest weight of the evidence. The court noted that although plaintiff submitted a statement of economic interests to the State Board of Elections along with his other documentation, plaintiff admittedly did not file the statement of economic interests with the Secretary of State as required by section 10—5 of the Election Code (10 ILCS 5/10—5 (West 2002)), and his filing did not constitute substantial compliance with section 10—5.

On February 19, 2004, plaintiff filed a notice of appeal, indicating his intent to ask this court to review the circuit court's decision. On March 12, 2004, plaintiff filed with this court an appellate brief and a motion to establish an expedited briefing schedule. Due to an administrative error in the office of the clerk of the appellate court, this case was not brought to the attention of the presiding justice of this division until March 23, 2004.

It is evident that the March 16, 2004, primary election has come and gone. While we note that plaintiff did not file his motion seeking an expedited appeal until after 4 p.m. on March 12 (only one full business day before the March 16 election), that fact in no way excuses the failure of the office of the clerk of the appellate court to forward plaintiff's motion and brief promptly to this division to allow timely consideration of this appeal. We regretfully acknowledge that a critical

administrative error delayed this court's consideration of plaintiff's appeal.

■ However, despite this unfortunate procedural posture, we elect not to merely declare this case moot. An exception to the mootness doctrine allows a court to resolve an otherwise moot issue if the issue involves a substantial public interest. *North v. Hinkle*, 295 Ill. App. 3d 84, 86, 692 N.E.2d 352, 354 (1998). The criteria to apply this exception are: (1) the public nature of the question; (2) the desirability of an authoritative determination for the purpose of guiding public officers; and (3) the likelihood that the question will recur. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 395, 634 N.E.2d 712, 714 (1994). Here, those criteria are easily met. The required procedures for appearing on the ballot for election to a public office are undoubtedly of public interest, and an analysis of this issue will assist future candidates in complying with the Election Code. Furthermore, the facts before us likely will occur again, given the volume of candidates seeking election in Illinois. For those reasons, we address the merits of plaintiff's appeal.[1]

■ Sections 4A—101 and 4A—106 of the Illinois Governmental Ethics Act require candidates for nomination or election to judicial office to submit verified written statements of their economic interests to the Secretary of State. 5 ILCS 420/4A—101, 4A—106 (West 2002). The purpose of that requirement is to facilitate the public's right to information regarding financial dealings between the candidate and the unit of government in which he seeks an elected office. *Jenkins v. McIlvain*, 338 Ill. App. 3d 113, 120, 788 N.E.2d 62, 67 (2003); see 5 ILCS 420/4A—106 (West 2002) ("All statements of economic interests filed under this Section shall be available for examination and copying by the public at all reasonable times"). A candidate who submits his or her statement to the Secretary of State is to receive a receipt indicating that the filing was made. 5 ILCS 420/4A—106 (West 2002).

Section 10—5 of the Election Code provides:

"Nomination papers filed under this section are not valid if the candidate named therein fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act in

---

[1]The attorney representing the Electoral Board and the counsel for the objector have informed this court they do not intend to file briefs in response to plaintiff's appeal. As the record here is minimal and the claimed errors can be analyzed without the benefit of appellee briefs, this court can consider plaintiff's appeal on the basis of his brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).

relation to his candidacy with the appropriate officer ***." 10 ILCS 5/10—5 (West 2002).

Under section 10—5, because plaintiff must file nomination papers with the State Board of Elections and file his statement of economic interests with the Secretary of State pursuant to sections 4A—101 and 4A—106 of the Governmental Ethics Act, plaintiff is required to file with the State Board of Elections a receipt reflecting the submission of his statement of economic interests to the Secretary of State. 10 ILCS 5/10—5 (West 2002).

■ Plaintiff contends that his filing of the economic interests statement with the State Board of Elections constituted substantial compliance with the receipt requirement. However, rather than providing this court with a reason to rule in his favor, plaintiff's position reveals two separate bases to affirm the judgment of the Electoral Board.

First, plaintiff admittedly did not file his statement of economic interest with the Secretary of State as required by sections 4A—101 and 4A—106. The language of section 10—5 is unequivocal: "Nomination papers filed under this Section *are not valid* if the candidate named therein fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act ***." (Emphasis added.) 10 ILCS 5/10—5 (West 2002). Second, because plaintiff did not meet that filing requirement, he inevitably did not include with his nomination papers the receipt mandated by section 10—5.

Plaintiff argues that because section 10—5 does not specify a penalty for a candidate's failure to file the receipt, but only involves the failure to file the economic interests statement, it is directory, rather than mandatory. The requirements of the Election Code are mandatory. *Purnell v. Municipal Officers Electoral Board*, 275 Ill. App. 3d 1038, 1039, 657 N.E.2d 55, 56 (1995). Moreover, the language of section 10—5 is not permissive in nature, and this court has found that a candidate's failure to comply with the receipt requirement renders his or her nomination papers invalid. *Bolger v. Electoral Board*, 210 Ill. App. 3d 958, 960, 569 N.E.2d 628, 629 (1991).

The facts of this case mirror those in *Powell v. East St. Louis Electoral Board*, 337 Ill. App. 3d 334, 335, 785 N.E.2d 1014, 1015 (2003), where two individuals seeking candidacies for city council failed to file statements of economic interests with the required office and also failed to include with their nomination papers a receipt for the filing of the economic interests statement. Finding *Bolger* to be dispositive, the appellate court affirmed the electoral board's decision that the failure to comply with the Election Code's requirements rendered the nomination papers invalid. *Powell*, 337 Ill. App. 3d at 338, 785 N.E.2d at 1017.

Plaintiff asserts that submitting his economic interest statement to the State Board of Elections served the same purpose as providing a receipt with his nomination papers indicating that his economic interests statement had been filed with the Secretary of State. He argues that his filing provided more information than if he had filed the receipt. However, the receipt required by section 10—5 of the Election Code is not intended to provide information about a candidate; it confirms to the State Board of Elections that a candidate has complied with the Election Code by filing a statement of economic interests with the Secretary of State. Had the legislature deemed it necessary for potential candidates to submit their economic interests statements to the State Board of Elections, rather than the Secretary of State, it easily could have provided so in the Governmental Ethics Act. Furthermore, the submission of a statement of economic interests to the State Board of Elections fails to provide the level of public disclosure that the Governmental Ethics Act promotes by requiring the statement be filed with the Secretary of State.

Plaintiff contends that the Electoral Board exceeded its authority by finding his nomination papers invalid, in part, because of his failure to file the economic interests statement, rather than the ground indicated in the objector's petition, *i.e.*, the failure to file the receipt. He asserts that the Electoral Board may "consider only the specific objection raised by the objector." However, the Electoral Board's written decision was based on plaintiff's admitted failure to file his statement with the appropriate office and also on the absence of a receipt reflecting such a filing.

Contrary to plaintiff's assertion that we review the decision of the Electoral Board *de novo*, a decision of the Electoral Board should not be reversed unless it is against the manifest weight of the evidence. *Serwinski v. Board of Election Commissioners*, 156 Ill. App. 3d 257, 261, 509 N.E.2d 509, 511 (1987). Nevertheless, the evidence is sufficient to support affirmance even under the strictest standard of review. While we recognize that access to a position on a ballot is a substantial right not to be denied lightly (*Welch v. Johnson*, 147 Ill. 2d 40, 56, 588 N.E.2d 1119, 1126 (1992)), the Electoral Board correctly held that plaintiff's nomination papers were invalid due to his failure to submit a receipt indicating that his statement of economic interests was filed with the Secretary of State. Furthermore, by failing to file his economic interests statement with that office, plaintiff also failed to comply with the more fundamental requirement of section 10—5.

Accordingly, the judgments of the Electoral Board and the circuit court are affirmed.

Affirmed.

O'MARA FROSSARD, P.J., and FITZGERALD SMITH, J., concur.