# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Atkinson v. Roddy*, 2013 IL App (2d) 130139

---

| | |
|---|---|
| Appellate Court Caption | KORY ATKINSON, Petitioner-Appellant, v. ROBERT D. RODDY; CARRIE DAHLSTROM; THE VILLAGE OF ROSELLE MUNICIPAL OFFICERS' ELECTORAL BOARD; BARBARA HOCHSTADT, Member; KEVIN MILLON, Member; GAYLE SMOLINSKI, Chairperson; THE DU PAGE COUNTY ELECTION COMMISSION; and THE COOK COUNTY CLERK, Respondents-Appellees. |
| District & No. | Second District<br>Docket No. 2-13-0139 |
| Filed | June 4, 3013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an election for the office of trustee of a "split-county" village, respondent candidate substantially complied with the statutory requirements with respect to filing her statement of economic interests by filing that statement with the county clerk of the county in which she resided, rather than the county in which the village's principal office was located, as required by section 4A-106 of the Ethics Act, since her filing substantially complied with the Election Code and the Ethics Act, despite the technical error, and her name was properly ordered to appear on the ballot. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 13-MR-124; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| Judgment | Appeal dismissed in part and affirmed in part. |

| Counsel on Appeal | Kory A. Atkinson, of Law Office of Kory Atkinson, of Bloomingdale, for appellant. |
| --- | --- |
| | Derke J. Price, Keri-Lyn J. Krafthefer, James D. Rock, and Adam W. Lasker, all of Ancel Glink Diamond Bush DiCianni & Krafthefer, PC, of Naperville, for appellee Carrie Dahlstrom. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Birkett and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioner, Kory Atkinson, appeals from an order of the trial court affirming the decision of the Village of Roselle Municipal Officers' Electoral Board (Board). The Board overruled objections to the nomination papers of Robert D. Roddy and Carrie Dahlstrom (Candidates), candidates for the office of trustee of the Village of Roselle (Roselle) in the April 9, 2013, election. This court granted petitioner's motion to accelerate the appeal. For the reasons that follow, we dismiss in part and affirm in part.

¶ 2                            I. BACKGROUND

¶ 3    The following facts are not contested. Roselle is located in, and has electors who reside in, both Du Page and Cook counties. The principal office of Roselle is located in Du Page County. The Candidates timely filed with the Roselle election official, the Roselle clerk, nomination papers for the office of trustee of Roselle in order to have their names appear on the ballot in the April 9, 2013, consolidated election. Attached to each of the Candidates' nomination papers were receipts indicating that the Candidates had filed their statements of economic interests with the Cook County clerk. Also attached to each of the Candidates' nomination papers were complete copies of their statements of economic interests, which indicated when and where their statements were filed with the Cook County clerk.

¶ 4    Petitioner filed objections to the Candidates' nomination papers, arguing that their names should not appear on the ballot because they failed to file their statements of economic interests with the Du Page County clerk.

¶ 5    During the Board hearing, Roddy testified as follows. Roddy lived in the Cook County part of Roselle. As a prospective candidate, he had received a letter from the Roselle clerk's office. At the bottom of the page was an instruction to "consult the Du Page County Election Commission website." The letter also referred to "Cook County." "That [made] for some confusion, especially for people who live in the Cook [C]ounty part of Roselle." For

-2-

clarification, Roddy called the Roselle clerk, who told him, "since you live in Cook County, you file in Cook County." She also told Roddy to call the Cook County Board of Elections. When Roddy called that office, he was told that Roselle was a "split-county town" and "[y]ou live in Cook, you file in Cook." Relying on that advice, Roddy filed his statement of economic interests with the Cook County clerk.

¶ 6    Candidate Dahlstrom testified that to determine where she should file her statement of economic interests she called the "Cook County Election Commission's office" and was also told that, because she resided in the portion of Roselle located in Cook County, she should file her statement with the Cook County clerk. Dahlstrom followed that advice.

¶ 7    The Board found that the Candidates filed their statements of economic interests in the wrong county but that the Candidates "met the test of substantial compliance with the required filing of the Statement[s] of Economic Interests, in that the Statement[s] [were] filed within the time set forth by law, and the entire Statement[s] of Economic Interests, along with the Receipt[s], [were] part of the Nominating Papers filed." The Board determined that "the intent and purpose of the requirement of the Statement of Economic Interests, that is, to disclose financial dealings between the Candidate and the unit of government in which he seeks office, was clearly satisfied." The Board also determined that the designation of the office in which the statements were filed put the public on notice of where to locate the information concerning the Candidates' dealings with Roselle, and that the statements were available for public examination and copying at both the Roselle clerk's office and at the Cook County clerk's office. The Board overruled petitioner's objections and ordered that the Candidates' names be included on the April 9, 2013, ballot. On February 7, the trial court affirmed the Board's decision. On February 13, petitioner filed a notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9    As a preliminary matter, we must address the issue of mootness. This court lacks jurisdiction of issues that are moot. See *Chand v. Patla*, 342 Ill. App. 3d 655, 660 (2003). A case on appeal becomes moot when it is impossible for the reviewing court to grant the complaining party meaningful relief. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 207-08 (2008).

¶ 10    In this case, the date for the election has passed and both Roddy and Dahlstrom were included on the ballot as candidates for the office of Roselle trustee. Roddy lost the election and Dahlstrom won. Because we are unable to grant petitioner any meaningful relief regarding Roddy, we determine that this appeal is moot as to him. Accordingly, we dismiss petitioner's appeal as to Roddy.

¶ 11    Judicial review of an electoral board's decision is considered to be administrative review. *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 46. On appeal in such a case, we review the decision of the Board, not the determination of the trial court. *Id.* As in the present case, where the facts are not in dispute but there is a dispute as to whether the governing legal provisions were interpreted correctly by the administrative body, the case presents a question of law, which we review *de novo. Goodman v. Ward*, 241 Ill. 2d 398, 405-06 (2011).

¶ 12    Dahlstrom argues that we should apply the more deferential "clearly erroneous" standard of review to the Board's decision. Even under that standard, our decision to affirm the Board's decision would be the same.

¶ 13    On appeal, petitioner argues that Dahlstrom's nomination papers are invalid and her name should have been removed from the ballot because she failed to file her statement of economic interests with the appropriate officer, the Du Page County clerk, rather than the Cook County clerk, pursuant to section 10-5 of the Illinois Election Code (Election Code) (10 ILCS 5/10-5 (West 2010)) and section 4A-106 of the Illinois Governmental Ethics Act (Ethics Act) (5 ILCS 420/4A-106 (West 2010)).

¶ 14    Section 10-5 of the Election Code provides:

"Nomination papers filed under this Section are not valid if the candidate named therein fails to file a statement of economic interests as required by the Illinois Governmental Ethics Act in relation to his candidacy with the appropriate officer by the end of the period for the filing of nomination papers unless he has filed a statement of economic interests in relation to the same governmental unit with that officer during the same calendar year as the year in which such nomination papers were filed. If the nomination papers of any candidate and the statement of economic interest of that candidate are not required to be filed with the same officer, the candidate must file with the officer with whom the nomination papers are filed a receipt from the officer with whom the statement of economic interests is filed showing the date on which such statement was filed. Such receipt shall be so filed not later than the last day on which nomination papers may be filed." 10 ILCS 5/10-5 (West 2010).

Section 4A-106 of the Ethics Act provides:

"The statements of economic interests required of persons listed in items (g),[1] (h) , (i), (k), and (*o*) of Section 4A-101 shall be filed with the county clerk of the county in which the principal office of the unit of local government with which the person is associated is located." 5 ILCS 420/4A-106 (West 2010).

¶ 15    Legislative directives containing the word "shall" are typically interpreted to be mandatory. *Siegel v. Lake County Officers Electoral Board*, 385 Ill. App. 3d 452, 458 (2008). The requirements of the Election Code are mandatory. *Kellogg v. Cook County Illinois Officers Electoral Board*, 347 Ill. App. 3d 666, 670 (2004). However, strict compliance is not always required of a mandatory provision of the Election Code. See *Cunningham v. Schaeflein*, 2012 IL App (1st) 120529, ¶ 23. Substantial compliance can satisfy the requirements of a mandatory provision of the Election Code. See *id.*; see also *Siegel*, 385 Ill. App. 3d at 460.

¶ 16    Substantial compliance is achieved when a deviation from the Election Code is minor or technical in nature and the deviation does not defeat the thrust, purpose, and effect of the Election Code. *Samuelson v. Cook County Officers Electoral Board*, 2012 IL App (1st)

---

[1]Section 4A-101(g) provides: "Persons who are elected to office in a unit of local government, and candidates for nomination or election to that office, including regional superintendents of school districts." 5 ILCS 420/4A-101(g) (West 2010).

120581, ¶ 36. The general purpose of the Election Code is to protect the integrity of the electoral process and to guarantee a fair and honest election. *Siegel*, 385 Ill. App. 3d at 460-61. In *Siegel*, a candidate's nomination papers contained an incorrect date on her statement of candidacy, in violation of a provision of the Election Code. *Id.* at 458. In making its determination that the candidate substantially complied with the statute at issue, this court reasoned that the deviation did not impair the integrity of electoral process. *Id.* at 461.

¶ 17　　Further, to determine whether substantial compliance has been achieved, courts also consider whether the deviation impairs the purpose of the specific statutory provision at issue. See *Cunningham*, 2012 IL App (1st) 120529, ¶¶ 24, 26, 28. In *Cunningham*, all the signatures on the nominating petitions obtained by a circulator were ruled invalid because the nominating petition sheets he circulated listed an incorrect address. *Id.* ¶ 21. The candidate was not certified by the electoral board as a Republican candidate for nomination to the office of Representative of Congress for the 11th District. *Id.* ¶ 14. The appellate court held that there was substantial compliance because the address error did not prevent the circulator from being located, which was the purpose of the provision at issue. *Id.* ¶ 28; see also *Reynolds v. Champaign County Officers Electoral Board*, 379 Ill. App. 3d 423, 425 (2008) (the nonconsecutive page numbering of a candidate's nominating petition substantially complied with the requirements of the provision at issue because of "the limited number of pages involved, the fact that the two pages at issue are easily identified by the name of the individuals who circulated them, and the lack of any claim of possible voter confusion, tampering, or fraud").

¶ 18　　Regarding the statutory provisions at issue in this case, the purpose of the requirement that a candidate file a statement of economic interests is to facilitate the public's right to information regarding the candidate's financial dealings with the unit of government in which he or she seeks office. See *Kellogg*, 347 Ill. App. 3d at 669; see also 5 ILCS 420/4A-106 (West 2010) ("All statements of economic interests filed under this Section shall be available for examination and copying by the public at all reasonable times."). This purpose has been satisfied.

¶ 19　　Dahlstrom filed with the Roselle clerk her nomination papers, with a copy of her statement of economic interests attached, and a receipt indicating that she had filed her statement with the Cook County clerk. By filing the receipt indicating where she had filed her statement, Dahlstrom put the public on notice of where to locate the information concerning her financial dealings with Roselle. Further, the statement was available for public examination and copying at both the Roselle clerk's office and the Cook County clerk's office. Thus, we determine that Dahlstrom's failure to file her statement of economic interests with the Du Page County clerk was a technical error and did not impair the integrity of the electoral process or prevent a fair and honest election. Therefore, the Board properly determined that Dahlstrom substantially complied with the Election Code and the Ethics Act and it properly ordered that her name appear on the ballot.

¶ 20　　Petitioner cites several cases in support of his argument. Each of the cited cases involves facts considerably different from those present here. In *Kellogg*, 347 Ill. App. 3d at 669-70, the candidate failed to file his statement of economic interests with the proper office and failed to file with his nomination papers a receipt indicating that he had submitted his

statement of economic interests with the proper office. The appellate court affirmed the board's decision that the candidate's nomination papers were invalid, reasoning that the candidate failed to provide the level of disclosure required by the Ethics Act. *Id.* at 671. In this case, Dahlstrom provided sufficient disclosure by filing with her nomination papers a receipt indicating that her statement had been timely filed with the Cook County clerk, in a county in which Roselle is located. Thus, *Kellogg* is distinguishable from the case at bar.

¶ 21    In *Powell v. East St. Louis Electoral Board*, 337 Ill. App. 3d 334, 336 (2003), one candidate properly filed her statement of economic interests, but the receipt she filed with her nomination papers was not file-stamped. Two other candidates completely failed to file their statements of economic interests with the county clerk. *Id.* at 338. The Fifth District Appellate Court rejected the parties' substantial compliance argument, stating that "the argument that substantial compliance is sufficient was specifically rejected by the Illinois Supreme Court in *DeFabio v. Gummersheimer*, 192 Ill. 2d 63, 66 (2000)." *Id.* We disagree with the *Powell* court's interpretation of *DeFabio*.

¶ 22    In *DeFabio*, the Illinois Supreme Court held that ballots cast that were not initialed as required by the Election Code were not valid and could not be counted, regardless of the absence of fraud or corruption. *DeFabio*, 192 Ill. 2d at 66. The issue of substantial compliance was neither raised by the parties nor discussed in *DeFabio*. Regardless, *DeFabio* concerns the integrity of ballots already cast, whereas *Powell* and the case at bar concern the right to access to a place on the ballot, which is a substantial right that will not be denied lightly. See *Welch v. Johnson*, 147 Ill. 2d 40, 56 (1992). It is well established that, in cases concerning the right to access to a place on the ballot, substantial compliance can satisfy the requirements of a mandatory provision of the Election Code. See *Cunningham*, 2012 IL App (1st) 120529, ¶ 23; *Siegel*, 385 Ill. App. 3d at 460; *Reynolds*, 379 Ill. App. 3d at 425. Therefore, *Powell* is not applicable to this case.

¶ 23    In *O'Donaghue v. Cook County Officers Electoral Board*, 295 Ill. App. 3d 493, 496 (1998), the candidate filed an incorrect version of the statement of economic interests and, therefore, did not provide the information the Ethics Act required for the office he sought. In this case, there is no dispute that Dahlstrom filed the proper version of the statement of economic interests and that the statement contained the information required by the Ethics Act. Therefore, *O'Donoghue* is distinguishable from this case.

¶ 24    In *Miceli v. Lavelle*, 114 Ill. App. 3d 311, 317 (1983), the candidate filed his statement of economic interests with the board of education in relation to his employment and he argued that this was a sufficient disclosure of his economic interests with the City of Chicago. The appellate court rejected the candidate's argument, stating that "the dual purpose filing argued by petitioner could only lead to confusion; no one could be sure whether a given disclosure related to one or the other governmental unit or both." *Id.* In this case, there was no danger of confusion, because Dahlstrom's disclosure related to only one unit of government, Roselle. Thus, *Miceli* is distinguishable from this case.

¶ 25    In *Havens v. Miller*, 102 Ill. App. 3d 558 (1981), the candidates for school board filed their statements of economic interests with the secretary of the school board, rather than with the county clerk as required by the Ethics Act. The appellate court held that the filings were

invalid because some members of the public would not be able to inspect the statements. *Id.* at 567. In this case, there was no danger that members of the public would have any difficulty locating Dahlstrom's statement, because her receipt indicated where her statement could be located. Therefore, *Havens* is distinguishable from the case at bar.

¶ 26 Under the circumstances presented, we conclude that Dahlstrom substantially complied with section 10-5 of the Election Code and section 4A-106 of the Ethics Act, thus satisfying the provisions in question. We therefore affirm the Board's decision regarding Dalhstrom's candidacy.

¶ 27 III. CONCLUSION

¶ 28 For these reasons, this appeal is dismissed in part and the judgment of the circuit court of Du Page County is affirmed in part.

¶ 29 Appeal dismissed in part and affirmed in part.