ANNETTE BRYANT, Plaintiff-Appellant, v. COOK COUNTY ELEC-
TORAL BOARD *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—90—0528

Opinion filed March 13, 1990.

Ernesto D. Borges, of Chicago, for appellant.

James M. Morphew, of Springfield, for appellee Bernadette Evans.

Cecil A. Partee, State's Attorney, of Chicago (Barbara Goodman, Spe-
cial Assistant State's Attorney, of counsel), for appellee Cook County Elec-
toral Board.

No brief filed for other appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the
court:

This is an appeal from an order of the circuit court of Cook
County affirming the Cook County Officers Electoral Board's (the

Electoral Board's) decision invalidating Annette Bryant's (plaintiff's) nominating papers to place her on the March 20, 1990, primary ballot as a candidate for nomination of the Democratic Party to the office of the 15th District representative in the General Assembly. Following a hearing on Bernadette Evans' petition objecting to plaintiff's nomination papers, the Electoral Board held that plaintiff failed to comply with the requirement in section 7—12(8) of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 7—12(8)) that she "file a statement of economic interests as required by the Illinois Governmental Ethics Act (Ethics Act) in relation to [her] candidacy" and the Ethics Act's provision that "[t]he statement of economic interests *** contain substantially the following:

### STATEMENT OF ECONOMIC INTERESTS
### (TYPE OR HAND PRINT)

_____

(Name)
_____

(office or position of employment for which this statement is filed)." (Ill. Rev. Stat. 1987, ch. 127, par. 604A—104.)
Although plaintiff attached to her nominating papers filed with the State Board of Elections a receipt recording the filing of an economic interests statement with the Secretary of State, the Electoral Board found that the words "Fifteenth Representative District of the State of Illinois" printed in the space provided to disclose the office or position of employment did not satisfy statutory requirements.

■ On appeal, plaintiff initially contends that the Electoral Board lacked jurisdiction to declare her nomination papers invalid because it had no statutory authority to rule on the substance of her economic interests statement. While it is true that an electoral board generally does not have the statutory jurisdiction to inquire into the truth and veracity of disclosures in a statement of economic interests (*Troutman v. Keys* (1987), 156 Ill. App. 3d 247, 509 N.E.2d 453), the Electoral Board's authority to rule as to the sufficiency of the disclosure in issue here is statutorily granted.

Section 10—10 of the Election Code (Ill. Rev. Stat. 1987, ch. 46, par. 10—10) provides that "[t]he electoral board *** in general shall decide whether or not the *** nominating papers or petitions on file are valid or whether the objections thereto should be sustained." Because section 7—12(8) of the Election Code provides that nominating papers are invalid if the candidate does not file a statement of eco-

nomic interests *in relation to the candidacy*, the Election Code, in granting the Electoral Board jurisdiction to determine the validity of nominating papers, necessarily has granted the Electoral Board jurisdiction to review the disclosure relative to whether the statement has been filed "in relation to [the] candidacy." Such a construction is consistent with the Election Code's purpose to facilitate the public's right to information concerning financial dealings between a candidate and the unit of government in which he seeks office (see *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 930, 446 N.E.2d 256, 259), as well as with previous appellate court opinions affirming Electoral Board rulings on such matters (see *Jones*, 112 Ill. App. 3d 926, 446 N.E.2d 256; *Miceli v. Lavelle* (1983), 114 Ill. App. 3d 311, 448 N.E.2d 989).

Plaintiff next contends that the Electoral Board erred in finding that the words "15th Representative District" did not sufficiently disclose the office of representative in the General Assembly to meet statutory requirements. Pointing out that provisions imposing disqualifications on candidates "should be strictly construed *** in favor of eligibility" (*Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 17, 250 N.E.2d 138, 143; *McGuire v. Nogaj* (1986), 146 Ill. App. 3d 280, 282, 496 N.E.2d 1037, 1039), plaintiff argues that the governmental position she sought is evident from the words "15th Representative District," since only one office of representative exists in each representative district.

Defendants conversely argue that plaintiff's candidacy is not apparent from these words because they refer only to a territorial description and certain governmental employees are also required to file such statements. (See Ill. Rev. Stat. 1987, ch. 127, par. 604A—101.) They assert that the appellate court found a similar territorial description not to satisfy statutory requirements in *Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 929, 446 N.E.2d 256, 258, where the court found that the words "3rd Ward" did not describe the office of alderman of the 3rd ward.

■ In reviewing the Electoral Board's finding, we are mindful that an electoral board's findings will not be reversed unless they are against the manifest weight of the evidence. (*Panarese v. Hosty* (1982), 104 Ill. App. 3d 627, 432 N.E.2d 1333.) We are further mindful of the Election Code's purpose to facilitate the public's right to information concerning a candidate's financial dealings (*Jones*, 112 Ill. App. 3d at 930, 446 N.E.2d at 249) and that the Ethics Act requires that the economic interests statement "substantially" contain certain specified information (Ill. Rev. Stat. 1987, ch. 127, par. 604A—104).

■ Significant differences exist between the disclosures made in the case at bar and those in *Jones*. In *Jones*, the aldermanic candidate inserted his position as pastor of a church on the space provided for the office or position of employment and did not include the word "aldermanic" in his entry of "3rd Ward" on the space provided for his name. The representative candidate here included the word "representative" in the correct space provided for, and in response to, "office or position of employment." In fact, a transposition of the words to "Representative 15th District" undoubtedly would satisfy statutory requirements. As written, plaintiff's disclosure directed the public to the "representative" unit of government and the precise district of that representative unit, in which only one office of representative exists. We also note that the record does not indicate which, if any, other employees of this governmental unit are required to file economic interests statements. Thus, we find that the words "15th Representative District" substantially disclose the office of representative of the 15th District of the General Assembly and adequately informs the public of plaintiff's candidacy and therefore hold that the Electoral Board's finding is against the manifest weight of the evidence.

Accordingly, we reverse the judgment of the circuit court and remand the case with instructions to the circuit court to order the Electoral Board to place plaintiff's name on the March 20, 1990, primary ballot as a candidate for nomination of the Democratic Party to the office of the 15th District representative in the General Assembly.

Reversed and remanded with directions.

O'CONNOR and MANNING, JJ., concur.