HAROLD E. PURNELL *et al.*, Petitioners-Appellants, v. THE MUNICIPAL OFFICERS ELECTORAL BOARD FOR THE CITY OF CHICAGO *et al.*, Respondents-Appellees.

First District (4th Division)   No. 1—95—0292

Opinion filed October 26, 1995.

Thomas A. Jaconetty, of Chicago, and Burton S. Odelson and Mathias W. Delort, both of Odelson & Sterk, Ltd., of Evergreen Park, for appellants.

James N. Scanlon, of Rieff & Scanlon, of Chicago, for appellee Chicago Board of Election Commissioners.

Richard K. Means, of Chicago, for appellee Jose Rodriguez.

JUSTICE CAHILL delivered the opinion of the court:

We issued an order without explanation on February 10, 1995, which reversed a trial court finding that a decision of the Chicago Board of Election Commissioners (Board) was correct. Our order removed candidate Jose Rodriguez from the ballot in the 1995 Chicago aldermanic primary election.

The facts of the case are not in dispute. Rodriguez filed timely nominating papers for the office of alderman on December 12, 1994. He attached a receipt, which he was required to do, proving that he had filed a statement of economic interests with the Cook County clerk on November 7, 1994. On the blank line of the receipt designated for "office or position of employment for which this statement was filed" there appeared the words "Ch[ica]go Police Officer." The statement of economic interests which the receipt supports also

contained a blank line designated "office or position of employment for which this statement is filed." On that line had been written, "Police Officer City of Ch[ica]go."

When his nominating papers were challenged for an alleged faulty statement of economic interests, Rodriguez argued successfully before the Board that he had complied with that paragraph of the Election Code which exempts candidates for elected office from filing if they have earlier filed a statement with the same governmental unit "in the same calendar year." (10 ILCS 5/10—5 (West 1992).) Since the evidence established that Rodriguez did exactly that, the Board dismissed the challenge to his nominating papers and the trial court affirmed. We reverse.

There is no question that section 10—5 of the Election Code is drafted to exempt candidates for public office from filing a second statement of economic interests if they already have a statement on file for the governmental unit in which they seek elected office. (*Troutman v. Keys* (1987), 156 Ill. App. 3d 247, 509 N.E.2d 453.) Unfortunately for Rodriguez, his statement was filed on November 7, 1994, a little over five months after the filing deadline in the Illinois Governmental Ethics Act. (See 5 ILCS 420/4A—105 (West 1992).) Fortunately for Rodriguez, he suffered no harm or jeopardy to his employment as a Chicago police officer because he was not required at his salary level to file the statement. (5 ILCS 420/4A—105 (West 1992).) But he now argues that his gratuitous filing, though not required, and though five months late if it had been required, should stand as compliance with the requirements of the Election Code and the Illinois Governmental Ethics Act. We cannot agree.

The requirements of the Illinois Election Code are mandatory, not directory. (*Jones v. Municipal Officers Electoral Board* (1983), 112 Ill. App. 3d 926, 930, 446 N.E.2d 256.) Failure to file a statement of economic interests before the statutory deadline results in a fine and, ultimately, in forfeiture of office. (5 ILCS 420/4A—107 (West 1992).) There is no exception in the statute for the fact pattern Rodriguez presents, nor should there be.

Reliance upon *Troutman*, 156 Ill. App. 3d 247, 509 N.E.2d 453, in support of the logical reading of section 4A—105 of the Illinois Governmental Ethics Act is of no help. The issue is not whether a second statement of economic interests need be filed. The issue is whether Rodriguez's only statement of economic interests complied with the law. It did not.

Viewed as an earlier filing made in the same calendar year, the statement is defective because it was late. Viewed as an original fil-

ing, the statement is defective because it misstates the office for which it was filed.

Reversed.

HOFFMAN, P.J., and THEIS, J., concur.