FELIX CARDONA, JR., Petitioner-Appellant, v. THE BOARD OF ELECTION COMMISSIONERS OF THE CITY OF CHICAGO *et al.*, Respondents-Appellees.

First District (2nd Division)   No. 1—04—0255

Opinion filed February 26, 2004.

Odelson & Sterk, Ltd., of Evergreen Park (Burton S. Odelson, of counsel), and Thomas A. Jaconetty, of Chicago, for appellant.

Coston, Fioretti & Lichtman, of Chicago (Robert W. Fioretti and Edward E. Campbell, of counsel), for appellees.

JUSTICE GARCIA delivered the opinion of the court:

Pedro De Jesus, Jr. (Candidate), filed nomination papers with the Illinois State Board of Elections for nomination of the Democratic Party to the office of representative in the General Assembly for the 39th Representative District. The Candidate filed a statement of economic interest (Statement) with the Secretary of State. The Secretary of State generated a receipt for the Statement (Receipt), which the Candidate filed with his nomination papers. In salient part, the Receipt states, "Your statement was filed on December 8, 2003 for the following office: CANDIDATE[.]" Felix Cardona, Jr. (Objector), filed an objection with the Board of Election Commissioners of the City of Chicago (Board) alleging that the Candidate's name should not be printed on the ballot for the March 16, 2004, primary election because the Receipt filed with the Board did not identify the office he is seeking. The Board overruled the objection and the circuit court affirmed the Board's order.

## ANALYSIS

■ The Board is charged with "the formalities of ascertaining whether a receipt for filing a statement of economic interests has been filed together with the nominating papers" (*Troutman v. Keys*, 156 Ill. App. 3d 247, 252, 509 N.E.2d 453 (1987)), and therefore, we will give deference to its interpretation of the provisions of the Election Code (10 ILCS 5/1—1 *et seq.* (West 2002)). See *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 398, 634 N.E.2d 712 (1994). Because this case involves an examination of the legal effect of a given set of facts—whether the information contained in the Receipt filed by the Candidate complies with the requirements of the Election Code—the Board's determination is best considered a mixed question of fact and law. For mixed questions of fact and law, our supreme court has held that a clearly erroneous standard of review applies. See *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 205, 692 N.E.2d 295 (1998). Accordingly, we will not reverse the Board's decision unless it is clearly erroneous. *Belvidere*, 181 Ill. 2d at 205.

This case hinges on the content of the Receipt filed with the Board. The parties do not dispute that a Statement was timely filed or that the Candidate filed a Receipt with the proper office. The Objector contends that the Candidate was required to identify the office he is seeking on the Receipt and that the appropriate sanction for this alleged error is the removal of the Candidate's name from the March 16, 2004, primary election ballot.

In interpreting the Election Code in ruling on the objection, the Board found: "Neither the Illinois Governmental Ethics Act nor the

Election Code prescribes the contents of the receipt to be issued by the receiving officer upon the filing of a statement of economic interests." The Board also noted its reluctance "to disqualify the Candidate from the ballot when he merely used and relied upon the receipt prepared and provided by the Illinois Secretary of State, the State agency responsible for issuing such receipts." The Board further noted, "it cannot be said that a receipt that does not identify the office, position or unit of government for which the statement relates fails to strictly comply with the statute when the statute itself does not require that the receipt contain such information."

■ Under the plain language of the Election Code, "[t]he nomination of all candidates for members of the General Assembly by all political parties *** shall be made in the manner provided in this article 8 and not otherwise." 10 ILCS 5/8—1 (West 2002). Section 8—8 provides the specific format for a petition for nomination to the General Assembly: the candidate's petition shall state, "[the candidate] has filed a statement of economic interests as required by the Illinois Governmental Ethics Act [5 ILCS 420/1—101 *et seq.* (West 2002)]." 10 ILCS 5/8—8 (West 2002). Although it appears the Board implicitly accepted the Objector's position that a receipt of the filing of the statement of economic interest is required to be filed with "the Candidate's Nomination Papers when such documents were filed with the Cook County Clerk," the Candidate contends otherwise. The Candidate states in his brief: "There is no language in Section 8—8 that requires a candidate [for the General Assembly] to file a [statement of economic interest] receipt ***." Because we decide this case on the narrower issue of the sufficiency of the receipt actually filed, we need not resolve whether article 8 requires the filing of a receipt in this case.[1]

The Objector claims that section 7—12 (10 ILCS 5/7—12 (West 2002)) is applicable in this case and requires the candidate to file a receipt. Even if article 7 applies to the nomination of members for the General Assembly, as the Election Board found, nothing in article 7 prescribes the contents for a receipt to be valid. 10 ILCS 5/7—1 *et seq.* (West 2002). More to the point, nothing in article 7 or 8 prescribes that a receipt must contain a specific description of the office the candidate is seeking. 10 ILCS 5/7—1 *et seq.*, 8—1 *et seq.* (West 2002).

---

[1]But see section 8—17.1 pertaining to vacancies ("The resolution to fill the vacancy shall be accompanied by a Statement of Candidacy, *** and a receipt indicating such nominee has filed a statement of economic interests as required by the Illinois Governmental Ethics Act"). 10 ILCS 5/8—17.1(4) (West 2002).

The Objector cites to a number of cases in an attempt to support his contention that the office must be included on the Receipt. However, not one of the cases cited deals with sufficiency of the contents of the Receipt. In *Jones v. Municipal Officers Electoral Board*, 112 Ill. App. 3d 926, 446 N.E.2d 256 (1983), the issue was whether the candidate sufficiently identified the office sought in his statement of economic interest; in *Welch v. Johnson*, 147 Ill. 2d 40, 588 N.E.2d 1119 (1992), the issue was the appropriate sanction for filing an inadvertently untrue, inaccurate, or incomplete statement of economic interest; in *Crudup v. Sims*, 292 Ill. App. 3d 1075, 686 N.E.2d 714 (1997), the issue was whether a candidate could be removed from the ballot for filing an allegedly false statement of economic interest; in *Requena v. Cook County Officers Electoral Board*, 295 Ill. App. 3d 728, 733-34, 692 N.E.2d 1217 (1998), the issue was the appropriate sanction for failing to adequately identify the office sought on the candidate's statement of economic interest; in *Miceli v. Lavelle*, 114 Ill. App. 3d 311, 316, 448 N.E.2d 989 (1983), the issue was whether the failure to file the statement of economic interest within the time period provided in the Election Code was fatal to the candidate; and in *Troutman*, 156 Ill. App. 3d at 252-53, the issue was whether the election board had jurisdiction to adjudicate a challenge to the accuracy of the candidate's statement of economic interest or whether the circuit court had original jurisdiction.

The two cases that deal directly with the receipt for the statement of economic interest have no bearing on the facts in the instant case. In *Powell v. East St. Louis Electoral Board*, 337 Ill. App. 3d 334, 337-38, 785 N.E.2d 1014 (2003), the issue was whether the absence of a time-stamped date on the receipt of filing of the statement of economic interest was fatal to the candidates; and in *Bolger v. Electoral Board of the City of McHenry*, 210 Ill. App. 3d 958, 960-61, 569 N.E.2d 628 (1991), the issue was whether the failure to file the receipt of filing of the statement of economic interest with the appropriate office was fatal to the candidate.

At oral argument, the Objector claimed that *Bryant v. Cook County Electoral Board*, 195 Ill. App. 3d 556, 553 N.E.2d 25 (1990), decided a receipt issue and supported his position. Despite the Objector's contention, *Bryant* is of no more support to the Objector than the other cases he cited. In *Bryant*, the issue was the adequacy of the description of the political office the candidate was seeking as set forth in the candidate's statement of economic interest. *Bryant*, 195 Ill. App. 3d at 559. In *Bryant*, we never addressed the adequacy of the receipt filed with the nominating petitions, as we have here.

346

## CONCLUSION

For all of the foregoing reasons, we agree with the Board that nothing in the Election Code requires the Receipt filed with the nominating petitions to identify the office the candidate is seeking. We, therefore, affirm the Board's order.

Affirmed.

WOLFSON, P.J., and CAHILL, J., concur.