2023 IL App (1st) 220077-U

No. 1-22-0077

Order filed on: March 17, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Non-Payment of General Taxes for the Years 2009 to 2011 | ) ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. <br><br> No. 19 COTD 0025183154 |
| | ) | The Honorable |
| (Debra Breckenridge Jones, | ) ) | James R. Carroll, Judge, Presiding. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| American Real Estate LLC, | ) ) | |
| Respondent-Appellee). | ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Oden Johnson and Tailor concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the circuit court's order directing the county clerk to issue a tax deed where respondent strictly complied with the notice requirements of the Property Tax Code (35 ILCS 200/22 *et seq.* (West 2018)). The circuit court's alleged failure to provide petitioner with a "valuation" of the delinquent property taxes was not a constitutional rights

violation. Petitioner's argument that she was illegally locked out of the property prior to the issuance of the tax deed is waived.

¶ 2    Corona Investments, LLC ("Corona") paid delinquent property taxes on a property located at 6111 S. Langley Avenue, Chicago, Illinois ("Langley property"). Corona subsequently acquired a certificate of purchase and filed a petition for tax deed. Corona later assigned its right, title, and interest in the certificate of purchase to respondent American Real Estate LLC ("American Real Estate"). Petitioner Debra Breckenridge Jones[1], the last owner of record, filed several objections to the petition. The circuit court denied the objections and entered an order directing the county clerk to issue a tax deed to American Real Estate. On appeal, Jones argues: (1) she was denied due process of law because American Real Estate, as assignee of the certificate of purchase, failed to give her notice of the tax sale in accordance with the Property Tax Code (Code) (35 ILCS 200/22 *et seq.* (West 2018)); (2) the circuit court erred in denying her objections before she received a "valuation" or "assessment" of the delinquent property taxes in violation of the "organic" Illinois Constitution of 1818 (Ill. Const. 1818, art. VIII, § 20); and (3) American Real Estate illegally changed the door locks on the Langley property before entry of the order directing issuance of tax deed. For the following reasons, we affirm.

¶ 3                            I. BACKGROUND

¶ 4    On July 19, 2017, Corona paid delinquent property taxes for the years 2009 to 2011 on the Langley property, and the Cook County clerk issued Corona a certificate of purchase on September 22, 2017.

---

[1] Petitioner's name appears in different variations throughout the record including "Debra B Jones," "Debra Breckenridge Jones," and "Debra-Breckenridge; Jones." Hereinafter, we refer to Petitioner as "Jones" for consistency purposes.

¶ 5    On November 8, 2017, Corona filed a take notice with the Cook County clerk pursuant to section 22-5 of the Code (35 ILCS 200/22-5 (West 2018)). The take notice provided that the "period of redemption from the sale will expire on January 24, 2020." Pursuant to section 22-10 of the Code (35 ILCS 200/22-10 (West 2018)), Corona had to serve all requisite notices on owners of record of the Langley property between July 24, 2019 and October 24, 2019.

¶ 6    On August 26, 2019, Corona filed a petition for tax deed. On August 28, Corona filed a take notice with the clerk of the circuit court of Cook County pursuant to section 22-25 of the Code (35 ILCS 200/22-25 (West 2018)). On August 30, the clerk of the circuit court mailed the take notice to Jones at the Langley property and at 1507 E. 53rd Street, Chicago, Illinois ("53rd Street address"). The postal carrier attempted delivery via certified mail to both addresses, but the notices were unclaimed and returned to the sender.

¶ 7    Corona sent a take notice to the Cook County sheriff pursuant to section 22-15 of the Code (35 ILCS 200/22-15 (West 2018)). On September 26, 2019, the sheriff attempted to personally serve Jones at the Langley property but was unsuccessful. The sheriff's affidavit of service provides Jones was not served at the Langley property because of "double locked gate/no entry." The next day, the sheriff attempted to personally serve Jones at the 53rd Street address. The sheriff's affidavit of service pertaining to the 53rd Street address states Jones was not served because "given address is Post Office; Post Box 487 used to be rented by Defendant, per Shaunice."

¶ 8    Thereafter, the sheriff sent the take notice via certified mail to the Langley property. The postal carrier attempted delivery three times on October 3, 21, and 26, 2019, but the notice was

unclaimed and returned to the sender. Corona published notice of the tax sale proceeding in the Chicago Tribune on September 9, 10, and 11, 2019.

¶ 9 The Langley property was not redeemed by January 24, 2020, and on February 20, 2020, Corona filed an application for an order directing the county clerk to issue a tax deed. Jones filed an objection to the petition for tax deed on March 6, 2020. In her objection, Jones argued that Corona failed to comply with the notice requirements of the Property Tax Code. Specifically, Jones argued Corona did not exercise due diligence in obtaining her mailing address. She alleged that her mailing address was updated to a P.O. Box with the United States Post Office and the Cook County Property Tax Department "possibly before" or in 2017. The updated P.O. Box address was not listed in the take notice. Hence, she never received the notice. Jones also claimed that, since 2017, no mail had been delivered to the Langley property. Jones argued Corona failed to provide evidence of service or attempt service of the take notice or any evidence of publication of the notice in any newspaper.

¶ 10 On July 24, 2020, Corona assigned its right, title, and interest in the certificate of purchase to American Real Estate. On September 2, 2020, the court granted a motion to substitute American Real Estate as the petitioner and granted Jones leave to file an amended objection. Jones filed an amended objection to the petition for tax deed on October 6, 2020. The amended objection alleged that the Illinois Constitution conferred no right upon Cook County to "assess, collect nor sell property taxes" on the Langley property and, as such, the certificate of purchase now assigned to American Real Estate was void. Between October 6 and November 18, 2020, Jones filed additional pleadings and documents including: (1) a "Judicial Notice of Violation Warnings" alleging the certificate of purchase violated her rights under the United States and Illinois Constitutions and

federal law; (2) an "Order to Deny Petition for Tax Deed"; (3) an "Affidavit of Truth"; and (4) a "Correction to Typo in Affidavit of Truth."

¶ 11    On October 28, 2020, American Real Estate responded to the objection discrediting the allegations that Jones updated her mailing address and that there was no attempt service of the take notice. American Real Estate attached several documents to its response including: (1) tax bills for years 2016, 2017, 2018, and 2019 of the Langley property that list the mailing address as "DEBRA B JONES 6111 S LONGLEY [*sic*] CHICAGO IL"; (2) a certificate of mailing from the county clerk certifying that take notices were mailed to "Debra B. Jones 6111 S. Langley Ave. Chicago, IL" and to "Debra B. Jones 1507 E. 53rd St., [ ] Chicago, IL"; (3) a letter from the Chicago Tribune Media Group certifying that the notice was published in its newspaper three times on September 9, 10, and 11, 2019; (4) a copy of the notice published in the Chicago Tribune; and (5) attempt of service information from the Cook County sheriff's civil process service lookup database. On November 18, 2020, the circuit court ordered that American Real Estate may proceed on the petition for tax deed.

¶ 12    On December 21, 2020, Jones filed a second amended objection to the petition for tax deed that alleged, *inter alia*: (1) Jones did not receive personal notice in accordance with the Code; (2) Cook County did not have authority to collect taxes under the Illinois Constitution; (3) Jones had a "higher property interest superior" to American Real Estate's interest; and (4) American Real Estate's attorneys were not registered with the Attorney Registration and Disciplinary Commission ("ARDC") of the Supreme Court of Illinois.[2] The next day, Jones filed an "Affidavit of Truth." In the affidavit, Bruce Love attested that he was the handyman for the Langley property, that—

---

[2] Jones raised other unconventional claims such as "there is no real money" and "[a]s a spiritual man, Owner of Record has passed judgment that Cook County, Illinois, has no authority to collect said property taxes."

contrary to the sheriff's process service information—the front gate of the property did not have a double lock in September 2019, and that the second floor apartment door locks were changed when he visited in January 2020.

¶ 13    On January 19, 2021, American Real Estate filed a response to the second amended objection reiterating its arguments presented in its October 28, 2020 response. In February 2021, Jones filed a counterclaim, which was later amended, and reply to American Real Estate's response. In her reply, Jones asserted American Real Estate failed to provide any evidence of compliance with the Code and did not hold rights to the certificate of purchase. Jones also alleged Cook County did not have authority to collect taxes on the Langley property. In her counterclaim, Jones again claimed American Real Estate had no authority to enforce the certificate of purchase and Cook County had no authority to collect property taxes under the Illinois Constitution. Jones also contended American Real Estate's attorneys fraudulently portrayed themselves as attorneys because they were not registered with the ARDC. As such, Jones sought treble punitive damages in the amount of $711,149.04.

¶ 14    On February 17, 2021, the circuit court held a hearing on the second amended objection to the petition for tax deed and denied the objection. Jones subsequently filed several motions asserting similar arguments raised in her prior objection pleadings. Jones also claimed the Code violates "the organic constitution for Illinois 1818 which provides the mode of levying a tax shall be by valuation." Jones argued that she should have received a "valuation" of the taxes owed in accordance with the Illinois Constitution. The court denied these motions.

¶ 15    The circuit court held an evidentiary hearing to determine whether American Real Estate, as the assignee of the certificate of purchase, complied with the notice requirements of the Code.

On November 10, 2021, the court found (1) the testimony and evidence Jones presented was "incredible and inconsistent with the documents in the record"; (2) Jones failed to present clear and satisfactory evidence to rebut the presumption of validity of the sheriff's affidavit to service; and (3) the notice requirements of the Code were met when the sheriff attempted to deliver the take notice to Jones during the redemption period. The court denied all objections filed by Jones and found that "an Order Directing the Cook County clerk to Issue a Tax Deed to the Petitioner shall be entered." On November 12, 2021, the circuit court entered the order directing the county clerk to issue a tax deed to American Real Estate.

¶ 16    On December 8, 2021, Jones filed a notice of appeal. Subsequently Jones filed, with the circuit court, an emergency motion to stay the November 10, 2021, order. On December 15, 2021, the circuit court granted her motion and stayed all matters related to the Langley property pending the resolution of any appeal. Because of the post judgment issues, the circuit court noted that Jones had "30 days, until January 14, 2022, to file any additional notice of appeal." On January 14, 2022, Jones filed a second notice of appeal.

¶ 17                                    II. JURISDICTION

¶ 18    In its response brief, American Real Estate questions this court's jurisdiction as to the circuit court's November 12, 2021 order. American Real Estate asserts that, although the notice of appeal states Jones is appealing the granting of the tax deed to American Real Estate, it does not list the November 12, 2021 order. The notice of appeal states that Jones is appealing the November 10, 2021 order, and the tax deed order was entered on November 12, 2021. The purpose of a notice of appeal is to inform the prevailing party in the circuit court that the unsuccessful litigant seeks review by a higher court. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). "Unless

the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction." *Id.* at 434. Here, the omission of the November 12 judgment date does not render the notice fatal, and we have jurisdiction to decide this appeal.

¶ 19                                III. ANALYSIS

¶ 20    On appeal, Jones argues that the circuit court erred because: (1) she was denied due process of law because she was not served with notice of the tax sale in accordance with the law; (2) it denied her February 17, 2021 objections without providing her with a "valuation" or "assessment" on the delinquent property taxes; and (3) American Real Estate engaged in an illegal lock out of her property.

¶ 21              A. Notice Requirements of the Property Tax Code

¶ 22    Jones claims that she was denied due process of law because she did not receive notice of the tax sale in accordance with the Code (35 ILCS 200/22 *et seq.* (West 2018)). The primary purpose of the tax deed system is to coerce tax delinquent property owners to pay their taxes, not to assist others in depriving the true owners of their property. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 10. As such, the legislature intended strict compliance, rather than substantial compliance, with the notice requirements of the Code. *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 34 (hereinafter *Glohry*). The tax buyer must strictly comply with the statutory notice requirements without regard to whether any owner, *inter alia*, was misled by the defective notice. *In re Application of County Collector*, 295 Ill. App. 3d 703, 708 (1998) (hereinafter *Midwest Real Estate*). The lack of strict compliance with the statute justifies a court's decision to vacate the order

for tax deed. See *Glohry*, 2011 IL App (1st) 101966, ¶ 34 ("a tax purchaser will not be entitled to a tax deed unless he gives the notice required"). "The determination of whether the notice satisfied all the statutory requirements is a question of law and we need not defer to the trial court's findings on the issue." *Midwest Real Estate*, 295 Ill. App. 3d at 705.

¶ 23     The Property Tax Code provides notice procedures that a tax purchaser must follow to obtain a tax deed. A tax purchaser must first send a take notice to the county clerk for delivery to the party in whose name the taxes were last assessed. 35 ILCS 200/22-5 (West 2018). Then, the tax purchaser must send a second take notice "to the owners, occupants, and parties interested in the property" no less than 3 months nor more than 6 months prior to the expiration of the period of redemption. 35 ILCS 200/22-10 (West 2018).

¶ 24     The take notice must be served in three ways. First, the tax purchaser must publish the notice in a newspaper in the county three times.[3] 35 ILCS 200/22-15, 22-20 (West 2018). Second, a notice must be personally served by a sheriff. 35 ILCS 200/22-15, 22-20 (West 2018). Third, the tax purchaser must send the notice to the clerk of the circuit court of the county for mailing of the notice through certified mail and with return receipt requested. 35 ILCS 200/22-25 (West 2018). Within five months but not less than three months before the redemption period expires, the tax purchaser may file a petition in the circuit court requesting an order directing the county clerk to issue a tax deed to the subject property. 35 ILCS 200/22-30 (West 2018). "[T]o receive an order issuing a tax deed, the redemption period must expire without any redemption taking place, and the tax purchaser must prove to the circuit court that it has strictly complied with the statutory

---

[3] This provision applies here because the Langley property is in a county with 3,000,000 or more inhabitants. See 35 ILCS 200/22-20 (West 2018).

notice provisions set forth in sections 22-10 through 22-25." *In re Application of County Collector*, 225 Ill. 2d 208, 213 (2007).

¶ 25    Turning to this case, Corona filed a take notice pursuant to section 22-5 with the Cook County clerk on November 8, 2017. The notice listed the expiration date of the period of redemption as January 24, 2020. Thus, pursuant to section 22-10 of the Code, Corona had to serve all requisite notices to owners, occupants, and interested parties of the property between July 24, 2019, and October 24, 2019. The notice also listed Jones as the current owner and pursuant to a title insurance report, Jones was the "last grantee of record" for the Langley property.

¶ 26    On August 28, 2019, Corona filed a take notice pursuant to section 22-25 with the clerk of the circuit court of Cook County. On August 30, 2019, the clerk of the circuit court mailed notices to Jones at the Langley property and 53rd Street address. The postal carrier attempted to deliver the notices to the two addresses via certified mail, but the notices were unclaimed and returned to the sender.

¶ 27    Corona also sent a take notice pursuant to section 22-15 to the Cook County sheriff. On September 26, 2019, the sheriff attempted to personally serve Jones at the Langley property but was unsuccessful. The next day, the sheriff attempted to personally serve Jones at the 53rd Street address but was again unsuccessful. Thereafter, the sheriff delivered the notice to the Langley address via certified mail. The postal carrier attempted to deliver the notice three times on October 3, 21, and 26, but the notice was unclaimed and returned to the sender. Corona published notice of the tax sale proceedings in the Chicago Tribune on September 9, 10, and 11, 2019. Under these circumstances, we find that Corona strictly complied with the notice requirements of the Code.

¶ 28 Jones claims that Corona's failure to personally serve her with the take notice deprived her of due process. Contrary to her argument, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006); see also *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶ 37; *In re Application of County Collector*, 225 Ill. 2d 208 (2007) (hereinafter *Lowe II*). Rather, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Flowers*, 547 U.S. at 226 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The lack of personal service does not constitute a due process violation.

¶ 29 Jones further asserts that Corona failed to exercise due diligence in attempting to locate her. Jones alleges that she updated her mailing address with the United States Post Office and Cook County Property Tax Department to a P.O. Box. Our supreme court addressed a similar argument in *Cornelius*, 2015 IL 118975. There, the petitioner purchased delinquent taxes for a property located in Joliet, Illinois. *Id.* ¶ 3. The petitioner requested that the Will County clerk send a section 22-5 take notice to the respondent, the owner of record. *Id.* ¶ 5. The petitioner then hired a process server, who attempted to personally serve respondent 11 times and other interested persons 9 times on different dates. *Id.* ¶ 12. Furthermore, the petitioner sent take notices to the county sheriff for mailing pursuant to section 22-15. *Id.* The postal carrier made three attempts to deliver the take notices via certified mail but the mailings went unclaimed. *Id.* ¶ 12. The petitioner sent take notices required under section 22-25 to the clerk of the circuit court of Will County for mailing. *Id.* ¶ 11. The clerk of the circuit court mailed the notices to the respondent and "occupants"

at the Joliet address via certified mail. *Id.* Finally, the petitioner submitted notice to the newspaper for publication. *Id.* ¶ 13. The notice was published in the newspaper three times. *Id.*

¶ 30    The supreme court found that the petitioner took all the necessary steps to notify the respondent about the property tax proceedings by complying with "all the required statutory steps." *Id.* ¶ 46. The court rejected the respondent's argument that the petitioner should have attempted to locate him by asking neighbors, doing an internet search of the county public records, or sending the notice by regular mail. *Id.* ¶ 47-48. The court reasoned:

> "The search of the records of the county recorder's office that respondent suggests is precisely the sort of 'open-ended search for a new address' of the government records that was expressly held not to be required in *Jones* and *Lowe II*.
>
> It is true that petitioner could have sent its notices by regular mail when certified mail notice failed, but we do not read *Jones* as requiring this additional step in every case. Indeed, *Jones* expressly noted that there was leeway for different approaches and observed that the Illinois statutory scheme that requires notice to be sent 'to the occupants of the property as a matter of course' in addition to the named parties of record, was an additional step. [Citation.] We also note that regular mail notice was not attempted in *Lowe II* either, yet due process standards were held to be satisfied in that case." *Id.* ¶¶ 48-49.

¶ 31    Following the rationale in *Cornelius*, we find that Corona exercised due diligence when it delivered, by way of the circuit court clerk and sheriff, take notices to the 53rd Street address and to the Langley property, which was listed as her mailing address on the property's tax bills. The record is devoid of any evidence that Jones updated her mailing address with the United States Post Office and Cook County Property Tax Department.

¶ 32    Jones further posits notice was insufficient because the sheriff's affidavits of service were not filed with the court *immediately* after the service attempts in accordance with Illinois Supreme Court Rule 102(d) (eff. Jan. 1, 2018). Pertinent here, Rule 102(d) requires that "[t]he officer or person making service shall make a return by filing proof of service immediately after service." Ill. S. Ct. R. 102(d) (eff. Jan. 1, 2018). Our supreme court has established that "when the Property Tax Code is silent on a matter of procedure, the procedures specified by article II of the Code of Civil Procedure and the rules of our court apply instead." *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 479 (2008). Section 22-20 of the Code regulates proof of service of notice in tax deed proceedings. 35 ILCS 200/22-20 (West 2018). It provides, "The sheriff or coroner serving notice under section 22-15 shall endorse his or her return thereon and file it with the clerk of the circuit court and it shall be a part of the court record." *Id.* The affidavits of service contained in the record demonstrate compliance with the Code. Thus, we reject the argument that the affidavits of service were not timely filed.

¶ 33    We conclude that American Real Estate, as the assignee of the certificate of purchase, strictly complied with the statutory notice requirements of the Property Tax Code and due process was satisfied as it pertains to the tax sale notice of the Langley property.

¶ 34                           B. Valuation of Delinquent Property Tax

¶ 35    Additionally, Jones argues that the court erred in denying her February 17, 2021 objections without providing her with a "valuation" or "assessment" on the delinquent property taxes in violation of the "organic" Illinois Constitution of 1818 (Ill. Const. 1818, art. VIII, § 20). This issue prompts us to construe our constitution's provisions. With constitutional interpretation, "our primary goal is to ascertain the drafters' intent." *Rottman v. Illinois State Officers Electoral Bd.*,

2018 IL App (1st) 180234, ¶ 14. The best indication of intent is the plain language of the drafters' words. *Id.* Where the meaning of the provision's language is unclear, we may look beyond the language and consider the purpose behind the provision and the evils the provision was designed to remedy. *Id.*

¶ 36     Although Jones alleges a violation of the Illinois Constitution of 1818, subsequent revisions of our state constitution have been adopted since its original ratification. As such, we consider her claim under the most current version, the Illinois Constitution of 1970. Article IX, section 4(a) of the Illinois Constitution of 1970 references property tax by valuation. It provides that "taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law." Ill. Const. 1970, art. IX, § 4(a). The purpose of this constitutional clause is to ensure "equality of taxation in proportion to the value of the property taxed." *Walsh v. Property Tax Appeal Board*, 181 Ill. 2d 228, 234 (1998). Considering the plain language of this constitutional clause and its intended purpose, we do not construe the clause to require a "valuation" or "assessment" of delinquent property taxes in a property tax sale proceeding. Therefore, we reject the argument that the lack of "valuation" or "assessment" violated her rights under the Illinois Constitution.

¶ 37     We note, however, section 22-5 of the Code requires that the take notice contain the delinquent property tax amount that must be paid to redeem the property. Specifically, section 22-5 provides that, within 4 months and 15 days after the tax sale, the tax purchaser must deliver a take notice to the county clerk. 35 ILCS 200/22-5 (West 2018). In the notice, the tax purchaser must "completely" fill in the following statement: "At the date of this notice the total amount which you must pay in order to redeem the above property is [blank]." *Id.* Here, the tax sale occurred on

July 19, 2017. On November 8, 2017, Corona filed a take notice with the circuit court clerk. The notice stated, "At the date of this notice, the total amount which you must pay in order to redeem the above property is $14,763.48." This notice was attached to American Real Estate's response to the "objections to petition for tax deed" filed by Jones. Thus, the record shows that Jones received the amount of delinquent taxes owed on the Langley property before the court granted American Real Estate's application for tax deed. To the extent Jones asserts that she should receive a more extensive assessment of the delinquent property taxes, we find no authority that mandates this requirement.

¶ 38                          C. Illegal Lockout of the Langley Property

¶ 39     Lastly, Jones argues that we should vacate the circuit court's order issuing the tax deed to American Real Estate because American Real Estate illegally changed the door locks on the Langley property, without notice and without consent, prior to the court's order directing issuance of the tax deed. We find that Jones waived this issue where she did not raise it before the circuit court. *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 500 (1985) ("[i]t is axiomatic that questions not raised in the trial court are deemed waived and may not be raised for the first time on appeal"). Consequently, we decline to address this issue.

¶ 40                                IV. CONCLUSION

¶ 41     We find that American Real Estate, as assignee of the certificate of purchase of the Langley property, strictly complied with the notice requirements under article 22 of the Property Tax Code. We find no constitutional violation resulting from the court's alleged failure to provide a "valuation" of the delinquent property taxes. We also find that the illegal lockout claim is waived.

Accordingly, we affirm the circuit court's order directing the county clerk to issue a tax deed to American Real Estate.

¶ 42    Affirmed.